

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN KEITH SMITH,

    Petitioner,

v.                                                    Civil Action No. **3:13CV856**

HAROLD W. CLARKE,

    Respondent.

**REPORT AND RECOMMENDATION**

John Keith Smith, a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition"). Respondent has moved to dismiss the action (ECF No. 18). Smith has filed a Reply (ECF No. 30). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DISMISSED as barred by the relevant statute of limitations.

**A.    Procedural History**

A jury in the Circuit Court of the City of Norfolk ("Circuit Court") convicted Smith of rape of a child under the age of thirteen, subsequent offense; forcible sodomy, subsequent offense; and aggravated battery, subsequent offense. *Commonwealth v. Smith*, Nos. CR08000513–00, CR08000513–01, and CR08000513–06, at 2 (Va. Cir. Ct. entered Jan. 8, 2009.) The Court sentenced Smith to two terms of life in prison plus twenty years. *Id.* Smith appealed. On January 21, 2010, the Supreme Court of Virginia refused his petition for appeal. *Smith v. Commonwealth*, No. 091632, at 1 (Va. Jan. 21, 2010).

On January 20, 2011, Smith filed a petition for a writ of habeas corpus in the Circuit Court. *See Smith v. Dir., Dep't of Corr.*, No. CL000845, at 2 (Va. Cir. Ct. Mar. 10, 2012). On March 10, 2012, the Circuit Court denied Smith's habeas petition. *See id.* at 1, 25.) On October 4, 2012, the Supreme Court of Virginia refused Smith's petition for appeal. *Smith v. Clarke*, No. 120965, at 1 (Va. Oct. 4, 2012).

On December 18, 2013,[1] Smith filed his § 2254 Petition. In his § 2254 Petition, Smith asserts the following claims:

Claim One: Petitioner's Fifth[2] and Fourteenth[3] Amendment Rights were violated due to trial judge's denial of motion to compel and *in-camera* review.

Claim Two: The trial judge ignored Smith's motion for the recusal of the trial judge from presiding over habeas proceedings.

Claim Three: "Defense attorneys were ineffective for denial of effective/competent representation at trial . . . for failing to preserve for direct appeal . . ." certain claims. (Br. Supp. § 2254 Pet. 3, ECF No. 31; *see* § 2254 Pet. 11.)[4]

Claim Four: "Smith's appellate counsel . . . was ineffective . . . [because] counsel failed to raise critical issues on direct appeal . . . ." (Br. Supp. § 2254 Pet. 3; *see* § 2254 Pet. 14.)

---

[1] This is the date Smith executed his § 2254 Petition. (§ 2254 Pet. 18.) Accordingly, the Court deems this the date Smith placed the § 2254 Petition in the prison mailing system and, hence, the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[4] The Court employs the pagination assigned to Smith's submissions by the CM/ECF docketing system. The Court corrects the capitalization in quotations to Smith's submissions. The Sixth Amendment states in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

## B. Analysis

### 1. Statute of Limitations

Respondent contends that the federal statute of limitations bars Smith's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## 2. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Smith's judgment became final on Wednesday, April 21, 2010, when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). The limitation period began to run on April 22, 2010, and 273 days of the limitation period elapsed before Smith filed his state petition for a writ of habeas corpus on January 20, 2011. *See* 28 U.S.C. § 2244(d)(2).

## 3. Statutory Tolling

The limitation period remained tolled from January 20, 2011 to October 4, 2012, during the pendency of his state habeas petition and his subsequent appeal. Accordingly, the limitation period began to run again the following day, and Smith had 92 days, or until Monday, January 7, 2013, to file his federal habeas petition. Smith failed to file his federal habeas petition until December 18, 2013, nearly a year after the limitation period had expired.

Accordingly, the statute of limitations bars the action unless Smith demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling. Smith argues entitlement to equitable tolling.

4. **Equitable Tolling**

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (citations omitted). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Smith argues entitlement to equitable tolling because state habeas counsel failed to timely notify him of the Supreme Court of Virginia's October 4, 2012 refusal of his habeas appeal. (§ 2254 Pet. 17.) Smith contends that he only learned of the Supreme Court's order on March 29, 2013. (*Id.*) Smith states: "On the evening of 03/29/13 [Smith] received a box from Appellate Counsel . . . which contain[ed] legal documents and upon [Smith] looking through all the document[s] he came upon a copy of the Supreme Court of Virginia's Final Decision dated 10/04/12 . . . ." (*Id.*) Smith argues that because "the Court order wasn't provided in a timely manner, [Smith] has been time barred from filing his Federal Writ of Habeas Corpus . . . ." (*Id.*)

Smith's failure to articulate his efforts to ascertain the status of his case between October 4, 2012 and March 29, 2013 likely forecloses equitable tolling for that period, as he fails to demonstrate that he diligently pursued his rights during that period. *See Yang*,

5

525 F.3d at 928 (quoting *Brown*, 512 F.3d at 1307). Nevertheless, even if the Court equitably tolled the limitation period until March 29, 2013, Smith's § 2254 Petition remains untimely. *See Ostrander v. Dir., Va. Dep't of Corr.*, No. 3:13cv634, 2014 WL 2170067, at *4 (E.D. Va. May 23, 2014).[5] With the benefit of equitable tolling, the limitation began to run again on March 30, 2013, the day after Smith learned of the Supreme Court of Virginia's refusal of his habeas appeal. Smith had 92 days remaining to file his § 2254 Petition but failed to file within that time. Instead, the limitation period continued to run for an additional 263 days until Smith filed the instant § 2254 Petition on December 18, 2013. Because the limitation period ran of a total of at least 536 days before Smith filed his § 2254 Petition, the statute of limitations bars the petition.

Accordingly, it is RECOMMENDED that the action be DISMISSED as barred by the statute of limitations. It is also RECOMMENDED that the Motion to Dismiss (ECF No. 18) be GRANTED.

---

[5] In his untimely Reply, Smith states: "While it is true that Petitioner did not file the instant habeas petition until December 31, 2013 (approximately nine (9) months from discovering that it was already late), he has a legitimate reason for doing so." (Reply 2.) Smith claims that he filed a bar complaint against counsel, but fails to clearly explain how the filing of a bar complaint prevented him from pursuing a § 2254 Petition. In an attachment to his untimely Brief in Support, the Virginia State Bar ("VSB") indicates that Smith had filed his bar complaints prior to his March 29, 2013 discovery that state habeas counsel failed to inform Smith of the Supreme Court of Virginia's October 4, 2012 dismissal of his habeas appeal. (Br. Supp. § 2254 Pet. 31–3, at 7, 10.) Smith fails to explain, and the Court fails to discern, how a pending bar complaint has any bearing on the timely filing of his § 2254 Petition, much less amounts to an extraordinary circumstance that prevented Smith from filing his § 2254 Petition. As of March 29, 2013, Smith knew that his state habeas appeal had been dismissed and nothing further was pending in the state courts. "Simply put, [Smith] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion" after March 29, 2013. *O'Neill v. Dir., Va. Dep't. of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Smith fails to demonstrate any further entitlement to statutory tolling.

Smith is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. See Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Smith and counsel for Respondent.

It is so ORDERED.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: NOV 24 2014
Richmond, Virginia