**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

```
F I L E D
MAR - 3 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA
```

JOHN KEITH SMITH,                )
                                 )
    Petitioner,                  )
                                 )
v.                               )        Civil Action No. 3:13CV856
                                 )
HAROLD W. CLARKE,                )
                                 )
    Respondent.                  )

## MEMORANDUM OPINION
### (Adopting Report and Recommendation and Dismissing Action)

John Keith Smith, a Virginia inmate proceeding *pro se*, filed this petition for

habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition"). On November 24, 2014, the

Magistrate Judge issued a Report and Recommendation recommending that the Court

dismiss the § 2254 Petition as barred by the relevant statute of limitations. Smith filed a

general objection to the finding that his petition is untimely.

## I.    STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains

with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo

determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of

objections to a magistrate's report enables the district judge to focus attention on those

issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*,

474 U.S. 140, 147 (1985).   When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

## II.   SMITH'S OBJECTION

Smith objects to the Magistrate Judge's conclusion that he lacks entitlement to equitable tolling due to his attorney's failure to timely notify him of the Supreme Court's denial of his state post-conviction appeal.  (Obj., ECF No. 39, at 2.)  The Magistrate Judge explained that:

> Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (citations omitted).  The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).
>
> Smith argues entitlement to equitable tolling because state habeas counsel failed to timely notify him of the Supreme Court of Virginia's October 4, 2012 refusal of his habeas appeal. (§ 2254 Pet. 17.)  Smith contends that he only learned of the Supreme Court's order on March 29, 2013. (*Id.*)  Smith states: "On the evening of 03/29/13 [Smith] received a box from Appellate Counsel . . . which contain[ed] legal documents and upon [Smith] looking through all the document[s] he came upon a copy of the Supreme Court of Virginia's Final Decision dated 10/04/12 . . . ." (*Id.*)  Smith argues that because "the Court order wasn't provided in a timely manner, [Smith] has been time barred from filing his Federal Writ of Habeas Corpus . . . ." (*Id.*)
>
> Smith's failure to articulate his efforts to ascertain the status of his case between October 4, 2012 and March 29, 2013 likely forecloses equitable tolling for that period, as he fails to demonstrate that he diligently pursued his rights during that period. *See Yang*, 525 F.3d at 928 (quoting *Brown*, 512 F.3d at 1307).  Nevertheless, even if the Court equitably tolled the limitation period until March 29, 2013, Smith's § 2254 Petition remains untimely. *See Ostrander v. Dir., Va. Dep't of Corr.*, No. 3:13cv634, 2014

2

WL 2170067, at *4 (E.D. Va. May 23, 2014).[1]  With the benefit of equitable tolling, the limitation began to run again on March 30, 2013, the day after Smith learned of the Supreme Court of Virginia's refusal of his habeas appeal.  Smith had 92 days remaining to file his § 2254 Petition but failed to file within that time.  Instead, the limitation period continued to run for an additional 263 days until Smith filed the instant § 2254 Petition on December 18, 2013.  Because the limitation period ran a total of at least 536 days before Smith filed his § 2254 Petition, the statute of limitations bars the petition.

(Report and Recommendation entered Nov. 24, 2014, ECF No. 33, at 4–6.)

Objecting to the Magistrate Judge's findings, Smith contends that "had counsel notified him of the Supreme Court's denial of his state post-conviction appeal, he could have timely undertaken further steps that would have made this petition timely." (Obj. at 2.)  Additionally, Smith claims that if counsel notified him earlier that his state action was dismissed he could have "sought assistance of an institutional attorney . . . [who] would have been tasked with advising [Smith] of any filing deadlines." (*Id.* 3–4.)

Smith again fails to explain how counsel's actions prevented him from timely filing his § 2254 Petition.  As of March 29, 2013, Smith knew of the dismissal of his state

---

[1]  In his untimely Reply, Smith states: "While it is true that Petitioner did not file the instant habeas petition until December 31, 2013 (approximately nine (9) months from discovering that it was already late), he has a legitimate reason for doing so." (Reply at 2.)  Smith claims that he filed a bar complaint against counsel, but fails to clearly explain how the filing of a bar complaint prevented him from pursuing a § 2254 Petition.  In an attachment to his untimely Brief in Support, the Virginia State Bar ("VSB") indicates that Smith filed any bar complaints prior to his March 29, 2013 discovery that state habeas counsel failed to inform Smith of the Supreme Court of Virginia's October 4, 2012 dismissal of his habeas appeal. (Br. Supp. § 2254 Pet. 31–3, at 7, 10.)  Smith fails to explain how a pending bar complaint has any bearing on the timely filing of his § 2254 Petition, much less an extraordinary circumstance preventing Smith from filing his § 2254 Petition.  As of March 29, 2013, Smith knew that his state habeas appeal had been dismissed and nothing further was pending in the state courts.  "Simply put, [Smith] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion" after March 29, 2013.  *O'Neill v. Dir., Va. Dep't. of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011).  Smith fails to demonstrate any further entitlement to statutory tolling.

habeas appeal.  Smith did not file his § 2254 Petition until nine months later.  As the Magistrate Judge appropriately concluded: "'Simply put, [Smith] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion' after March 29, 2013."  *O'Neill*, 2011 WL 3489624, at *6.

Smith fails to demonstrate any further entitlement to equitable tolling or statutory tolling.  Thus, his § 2254 Petition is untimely.  Accordingly, Smith's objection will be overruled.

### III.   OUTSTANDING FILINGS

On November 19, 2014, the Court received an untimely brief in support of the § 2254 Petition from Smith.  Because Smith's brief contained sensitive information about his minor victims and their family, by Memorandum Order entered November 21, 2014, the Court ordered the brief be placed under seal and redacted.  (*See* Mem. Order, ECF No. 32.)  The Court ordered that:

> Petitioner refrain from submitting any documents that contain the names of his victims, names of witnesses, their birth dates, their addresses, their phone numbers, their social security numbers, or other information that may reasonably identify those who were minors at the time of the offense.  Petitioner must comport with Federal Rule of Civil Procedure 5.2(a) and redact such information in the future.  Failure to do so will result in the Court levying sanctions against Petitioner.  E.D. Va. Loc. Civ. R. 7(C)(2) ("The responsibility for redacting personal identifiers rests solely with counsel and the parties.  The Clerk will not review each pleading for compliance with this Local Rule.  Counsel and the parties are cautioned that failure to redact these personal identifiers may subject them to sanctions.")  If Petitioner submits documents in violation of this paragraph, the Court may return them to Petitioner without filing them.

(*Id.* at 3–4.) On November 24, 2014, the Court issued its Report and Recommendation. Thereafter, Smith had fourteen days to file his objection and no longer needed to file a brief.

In contravention of the November 21, 2014 Memorandum Order, Smith has continued to inundate the Court with various filings that include his minor victim's identifying information. (*See* ECF Nos. 34, 35, 38, 40–43.) The Court will order these filings placed under seal until a redacted version is prepared at the Court's convenience.

## IV.    CONCLUSION

Smith's objection will be overruled. The Report and Recommendation will be accepted and adopted. The Motion to Dismiss (ECF No. 18) will be granted. Smith's claims and the action will be dismissed. A certificate of appealability will be denied.[2]

An appropriate Final Order will accompany this Memorandum Opinion.

_____ /s/
Henry E. Hudson
United States District Judge

Date: March 3 2015
Richmond, Virginia

_____

[2] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). For the foregoing reasons, Smith fails to meet this standard. Accordingly, the Court will deny a certificate of appealability.